IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IVONNE A. BLANCO, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 22-1083-RGA |
| | : |
| ERIC JORDAN, | : |
| | : |
| Defendant. | : |

Ivonne A. Blanco, Wilmington, Delaware.  Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

December 6, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Ivonne A. Blanco appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). She commenced this action on August 17, 2022. (D.I. 2). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff sues Defendant Eric Jordan, a federal official for the City of New York. (D.I. 2 at 3). The Complaint is basically unintelligible. Attached to the Complaint are newspaper articles about a cattle-rustling case, Netflix, and Twitter.[1] (D.I. 2-1). Plaintiff states her injuries are "proprietary or trade secret information." (D.I. 2 at 7). For relief, Plaintiff seeks, "NetFlix sighs in relief."[2] (*Id.*)

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008);

---

[1] Plaintiff has filed numerous exhibits. (*See* D.I. 6 through D.I. 16).
[2] This language is taken from one of the attached newspaper articles. (D.I. 2-1 at 5)

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim.  See *Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).   "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"  *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend her complaint unless amendment would be inequitable or futile.  See *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions.  See *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility.  See *Johnson v. City of Shelby*, 574 U.S. 10 (2014).  A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  See *id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

The allegations are basically unintelligible. The Court finds them fantastical and/or delusional and insufficient to withstand the evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (a complaint may be dismissed as lacking a basis in fact if it is premised upon "allegations that are fanciful, 'fantastic,'' and 'delusional[.]'"); *Golden v. Coleman*, 429 F. App'x 73 (3d Cir. 2011). In addition, a federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the Complaint "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, ... plainly unsubstantial, . . . or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal citations and quotation marks omitted). This is clearly the case here. The Court's experience and common sense lead it to recognize that the

complaint does not state a plausible claim for relief and, therefore, the Complaint will be dismissed.  See *Iqbal*, 556 U.S. at 67.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and for lack of subject matter jurisdiction.  Amendment is futile.

An appropriate Order will be entered.